1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# CENTRAL DISTRICT OF CALIFORNIA

10

11    MICHAEL L.,[1]                          Case No. 2:20-cv-06440-AFM

12              Plaintiff,              **MEMORANDUM OPINION AND**
                                        **ORDER REVERSING AND**
13         v.                           **REMANDING DECISION OF THE**
                                        **COMMISSIONER**
14    KILOLO KIJAKAI, Acting
15    Commissioner of Social Security,

16              Defendant.

17    _____

18         Plaintiff filed this action seeking review of the Commissioner's final decision

19    denying his application for supplemental security income. In accordance with the

20    Court's case management order, the parties have filed briefs addressing the merits of

21    the disputed issues. The matter is now ready for decision.

22                              **BACKGROUND**

23         On March 30, 2017, Plaintiff applied for supplemental security income,

24    alleging disability since December 5, 2013. (Administrative Record ["AR"] 173-

25    179.) Plaintiff's application was denied. (AR 76-81.) A hearing took place on July 3,

26    _____

27    [1]   Plaintiff's name has been partially redacted in accordance with Federal Rule of Civil Procedure
      5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case
28    Management of the Judicial Conference of the United States.

2019 before an Administrative Law Judge ("ALJ"). Plaintiff (who was represented by counsel) and a vocational expert ("VE") testified at the hearing. (AR 35-60.)

In a decision dated September 19, 2019, the ALJ found that Plaintiff's residual functional capacity ("RFC") was restricted to a limited range of light work. (AR 18-25.) Relying on the testimony of the VE, the ALJ concluded that Plaintiff was unable to perform his past relevant work as an electrician, but was able to perform other jobs that existed in significant numbers in the national economy. (AR 25-28.) Accordingly, the ALJ concluded that Plaintiff was not disabled. (AR 28.)

The Appeals Council subsequently denied Plaintiff's request for review (AR 1-6), rendering the ALJ's decision the final decision of the Commissioner.

## DISPUTED ISSUE

Whether the ALJ erred with respect to her past relevant work finding.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. In the social security context, the substantial evidence threshold is "not high." *Biestek v. Berryhill*, 139 S.Ct. 1148, 1153 (2019). This Court must review the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Lingenfelter*, 504 F.3d at 1035. Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

**DISCUSSION**

Plaintiff contends that the ALJ failed to properly develop the record to determine whether his work as an electrician constituted past relevant work. More specifically, Plaintiff points out that a conflict exists in the record with respect to whether Plaintiff performed work at the level of substantial gainful activity ("SGA") and argues that the ALJ erred by failing to resolve that conflict prior to finding Plaintiff had past relevant work as an electrician. (ECF 18 at 3-7.) The Commissioner argues that Plaintiff waived his claim because he failed to raise it in the administrative proceedings. The Commissioner further argues that the ALJ had no duty to further develop the record and did not err in finding that Plaintiff's work as an electrician constituted past relevant work. (ECF 23 at 2-7.)

In a Disability Report, Plaintiff stated that he worked full-time (8 hours a day, 5 days a week) as an electrician from August 2006 through August 2009 and again December 2010 through December 2013. (AR 202.) He reported earning $30,000 a year. (AR 202.) Plaintiff's Summary of FICA Earnings, however, indicate that he earned $6,697 in 2004, $5,639 in 2005 and $3,477. For the years 2006 through 2017, Plaintiff's annual earnings were often zero and never more than $420. (AR 190-195.)

At the hearing, Plaintiff testified that he worked as an electrician for American Wholesale Lighting in 2005. He described his job as "fl[ying] from state-to-state retrofitting Rasputin Music Store, Cost Plus, Sears, and [he] had a five-man crew working with [him]." (AR 39.) According to Plaintiff, he worked for American Wholesale for two years, and prior to that he worked for Construction Staffing Services performing the same type of work as an electrician. Also according to Plaintiff, he worked for Construction Staffing Services for three and a half years. Both of these electrician jobs were full-time. (AR 41-42.) When the ALJ asked Plaintiff whether the jobs were the type where "you'd work for a while and then they wouldn't have a job for you, and then you'd work for a while?" Plaintiff responded, "No," and explained that he was "constantly working." (AR 42.)

During the hearing, the ALJ asked the VE to classify Plaintiff's past work. The VE responded that Plaintiff's past work as an electrician was very skilled with an SVP level of 8. (AR 51.) The ALJ also asked the VE whether a hypothetical individual with Plaintiff's age, education, past relevant work experience, and residual functional capacity could perform his past work, and the VE answered, "No." (AR 52.) When asked whether there were transferable skills from Plaintiff's past relevant work, the VE responded affirmatively, identifying electrical and electronic fabrication, installation, repair, and inspections skills. (AR 54-55.) The ALJ asked if there were occupations that a hypothetical individual of Plaintiff's age, education, RFC, past relevant work experience, and transferable skills resulting from that past could perform. The VE responded that there were and identified the occupations, including representative occupations of electronics assembler, electronics inspector, and wirer. (AR 55-56.) Plaintiff's counsel told the ALJ that he had no questions for the VE. (AR 58.)

At Step Four of the Sequential Evaluation, the ALJ relied upon the VE's testimony to find that Plaintiff was unable to perform his past relevant work as an electrician. (AR 25 (citing 20 C.F.R. § 416.965).) At Step Five, the ALJ relied on the VE's testimony to find that Plaintiff had acquired transferrable skills from his prior work as an electrician specifically, electrical and electronic fabrication, installation, repair, and inspections skills. (AR 27 (citing 20 C.F.R. § 416.968).) Again based upon the VE's testimony, the ALJ determined that Plaintiff could perform occupations with jobs existing in significant numbers in the national economy. (AR 27-28.)

Waiver

The Commissioner contends that Plaintiff forfeited his challenge to the ALJ's past relevant work finding because Plaintiff failed to raise the issue during the administrative proceedings. (ECF 23 at 3-4.) In support of this argument, the Commissioner cites *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999), and two

unpublished cases – *Hurtado v. Berryhill*, 749 F. App'x 663, 664 (9th Cir. 2019), and *Phillips v. Colvin*, 593 F. App'x 683, 684 (9th Cir. 2015). The Court finds the Commissioner's argument unpersuasive.

In *Meanel*, the plaintiff attempted to challenge a VE's testimony as to the number of jobs in the local area by using new statistics that she failed to raise at both her hearing before the ALJ and the Appeals Council. The Ninth Circuit concluded that the plaintiff had forfeited her claim. *Meanel*, 172 F.3d at 1115. In *Hurtado*, the plaintiff argued that the ALJ erred in concluding he had past relevant work as a file clerk because his job was "composite job" of file clerk and courier. The Ninth Circuit found the argument was forfeited because at the administrative hearing, the plaintiff had conceded that he worked as a file clerk and did not contend that his job was a composite job. *Hurtado*, 749 F. App'x at 664. Finally, in *Phillips*, the plaintiff challenged the ALJ's Step One finding that he had engaged in substantial gainful activity. While the plaintiff conceded that his earnings were presumptive evidence that he engaged in substantial gainful activity, he argued that "he did not have health insurance and that the cost of his medications and doctors' visits were impairment-related work expenses that the ALJ should have deducted from his earnings in determining whether the work he performed constituted gainful activity." *Phillips v. Colvin*, 2013 WL 11319020, at *1 (W.D. Wash. Sept. 16, 2013). The district court noted that the plaintiff bore the burden of proving what his impairment-related expenses were but failed to do so and that the plaintiff also failed to raise his argument to the ALJ or Appeals Council. Accordingly, it concluded that the claim had not been preserved for judicial review. *Phillips*, 2013 WL 11319020, at *1, *aff'd*, 593 F. App'x at 683.

Unlike the foregoing cases, Plaintiff's challenge here is based entirely upon an ambiguous record before the ALJ. Plaintiff contends that the ALJ erroneously failed to resolve a discrepancy in the record before determining that his work as an electrician qualified as substantial gainful activity. As discussed in detail below, it

was the ALJ's burden to point to evidence supporting the conclusion that Plaintiff's electrician job qualified as past relevant work. Counsel's failure to object did not relieve the ALJ of that burden. *See Lamear v. Berryhill*, 865 F.3d 1201, 1206-1207 (9th Cir. 2017) (the law is clear that counsel's failure to object during administrative proceedings does not relieve ALJ of "express duty" to obtain "reasonable explanation" for apparent conflicts in vocational evidence). Accordingly, the Court concludes that Plaintiff has not forfeited his right to judicial review of his claim. *See, e.g., Adams v. Berryhill*, 2019 WL 688202, at *5-6 (C.D. Cal. Feb. 19, 2019) ("Where, like here, an ALJ's decision violates a specific requirement clearly mandated by Social Security regulations (i.e., failure to articulate specific factual findings based on record evidence to support ALJ's conclusions on dispositive issue at step four), and no specific issue exhaustion requirement is provided by statute, regulation, and/or agency/court ruling, a plaintiff's challenge to the ALJ's error is not forfeited in federal court simply because the claimant's attorney failed to raise the specific issue during the administrative proceedings."); *Pourdehghan v. Colvin*, 2016 WL 4534005, at *4 (C.D. Cal. Aug. 29, 2016) (distinguishing *Meanel* and rejecting argument that plaintiff forfeited claim, explaining that plaintiff's claim was based on the existing record (or lack thereof)); *cf. Shaibi v. Berryhill*, 883 F.3d 1102, 1109 (9th Cir. 2017) (holding that plaintiff may not challenge validity of vocational expert's "job numbers" based on new evidence presented for first time on appeal (i.e., economic data gleaned from Occupational Outlook Handbook and U.S. Census Bureau's County Business Patterns) when claimant's attorney failed entirely to challenge vocational expert's job numbers during administrative proceedings, and where "no case, regulation, or statute" required ALJ to sua sponte take administrative notice of job data in government publications other than Dictionary of Occupational Titles).

Merits

For a past job to qualify as past relevant work, it must have been substantial gainful activity. *Lewis v. Apfel*, 236 F.3d 503, 515 (9th Cir. 2001). "Earnings can be a presumptive, but not conclusive, sign of whether a job is substantial gainful activity." *Id*. A claimant is presumed to engage in substantial gainful activity if his average monthly income from that activity exceeded specific established amounts. If average monthly earnings are below specified amounts designated by the Social Security Administration, "the claimant has carried his or her burden unless the ALJ points to substantial evidence, aside from earnings, that the claimant has engaged in substantial gainful activity." *Id*.

Plaintiff's Earnings Statements indicate that from 2003 through 2017, his earnings fell far below the level required to constitute substantial gainful activity.[2] The SSA's Earnings Report is probative evidence bearing directly on the amount of a claimant's  wages. *See* 20 C.F.R. § 404.803(a) ("SSA records are evidence of the amounts of your earnings and the periods in which they were received."). The ALJ was not permitted to disregard such evidence without explanation. *See Flores v. Shalala*, 49 F.3d 562, 571 (9th Cir. 1995) (An ALJ "may not reject 'significant probative evidence' without explanation."). "[T]he ALJ's failure to discuss why [s]he discounted earnings evidence reported from outside government agencies in favor of Plaintiff's self-reports prevents this Court from effectively reviewing whether the ALJ's decision to do so was supported by substantial evidence and free of legal error." *Fernandez v. Berryhill*, 2017 WL 2541399, at *4 (C.D. Cal. June 12, 2017); *see Adams v. Berryhill,* 2019 WL 688202, at *5 (C.D. Cal. Feb. 19, 2019) ("Absent some explanation regarding how the ALJ arrived at such a fundamental assumption

---

[2]  As relevant here, those required monthly averages are: $800 in 2003 ($9,600 annually); $810 in 2004 ($9,720 annually); $830 in 2005 ($9,960 annually). Those amounts increase incrementally to $1,170 in 2017 ($14,040 annually). *See* 20 C.F.R. § 416.974; *see also* Monthly Substantial Gainful Activity Amounts Chart, available at http://www.ssa.gov/OACT/COLA/sga.html.

regarding plaintiff's work history, the Court is unable to conduct a meaningful review of the ALJ's non-disability determination"); *Sherman v. Colvin*, 2016 WL 286982, at *5 (C.D. Cal. Jan. 22, 2016) (remanding where the ALJ failed to resolve the ambiguities in the record regarding plaintiff's work as a cashier, and to make findings to support his determination that plaintiff's previous work as a cashier was performed at the level of substantial gainful activity).

As a result, the ALJ was required to identify "substantial evidence, aside from earnings, that the claimant has engaged in substantial gainful activity." *Lewis*, 236 F.3d at 515; *see Montoya v. Colvin*, 649 F. App'x 429, 430-431 (9th Cir. 2016); *Garcia v. Berryhill*, 2018 WL 6459707, at *2-3 (C.D. Cal. Dec. 10, 2018). The ALJ, however, did not acknowledge the discrepancy and did not resolve the conflict between Plaintiff's work history report and the earnings record. *Russo v. Berryhill*, 2019 WL 1281947, at *4 (E.D. Cal. Mar. 20, 2019); *see generally Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("A clear statement of the agency's reasoning is necessary because we can affirm the agency's decision to deny benefits only on the grounds invoked by the agency."). To the extent the record was ambiguous regarding Plaintiff's past relevant work, the ALJ also had the duty to develop the record further regarding if possible. *See Montoya*, 649 F. App'x at 430-431 (ALJ erred in finding claimant could perform past relevant work where ALJ stated that claimant's prior jobs were "past relevant work ... without addressing the substantial gainful activity issue or developing the record on it," and record was "unclear" whether claimant's earnings met amount specified in the SGA Earnings Guidelines); *see generally Mayes v. Massanari*, 276 F.3d 453, 459-460 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).

The Commissioner points to evidence supporting the conclusion that Plaintiff's past work as an electrician amounted to substantial gainful activity – namely, Plaintiff's statements in his Disability Report and his testimony. Yet, in reviewing the ALJ's decision, the Court is "constrained to review the reasons the

ALJ asserts," *Brown-Hunter*, 806 F.3d at 492 (citation omitted), and cannot consider post hoc reasoning by defendant, or even the evidence upon which the ALJ could have relied. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003). Regardless of whether the evidence cited by the Commissioner would support that conclusion, it was not evidence discussed by the ALJ, and therefore, the Court cannot consider it as a basis for affirming the ALJ's determination. *See Sherman*, 2016 WL 286982, at *5 ("defendant's speculative arguments regarding whether plaintiff's occupations as cashier and fast food worker were performed at the level of substantial gainful activity in any of the relevant years were not conclusions reached *by the ALJ*, and therefore, are unpersuasive") (emphasis in original).

## REMEDY

Ninth Circuit case law "precludes a district court from remanding a case for an award of benefits unless certain prerequisites are met." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2016) (citations omitted). "The district court must first determine that the ALJ made a legal error, such as failing to provide legally sufficient reasons for rejecting evidence. . . . If the court finds such an error, it must next review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and all essential factual issues have been resolved." *Dominguez*, 808 F.3d at 407 (citation and internal quotation marks omitted).

Although the Court has found error as discussed above, the record on the whole is not fully developed, and factual issues remain outstanding. The issues concerning Plaintiff's alleged disability "should be resolved through further proceedings on an open record before a proper disability determination can be made by the ALJ in the first instance." *See Brown-Hunter*, 806 F.3d at 496.  Accordingly, the appropriate remedy is a remand for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). It is not the Court's intent to limit the scope of the remand.

///

///

1

## ORDER

2      IT IS THEREFORE ORDERED that Judgment be entered reversing the

3  decision of the Commissioner of Social Security and remanding this matter for

4  further administrative proceedings consistent with this opinion.

5

6  DATED:  12/9/2021

7

8                              _____

9                                   ALEXANDER F. MacKINNON
                                UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28